UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARR OOLEY, et al., | Case No. 2:12-cv-00095-JAM-CKD |
| Plaintiffs, | ORDER GRANTING THE CHPD DEFENDANTS' MOTION TO DISMISS |
| v. | |
| CITRUS HEIGHTS POLICE DEPARTMENT, et al., | |
| Defendants. | |

This matter is before the Court on Defendants Citrus Heights Police Department, Brian Barron, Janet Schaefer, D. Christensen, Christine Ford, and Chris Boyd's (collectively the "CHPD Defendants") Motion to Dismiss the Complaint of Plaintiff, Janis Starkey (Doc. #6).[1]  Plaintiff Janis Starkey ("Starkey") opposes the motion (Doc. #26).

///

///

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was originally scheduled for April 18, 2012.

1

I.   FACTUAL ALLEGATIONS

This action arises out of Starkey and Plaintiff Garr Ooley's ("Ooley") allegations, contained in a 98 page complaint and 50 pages of exhibits (Doc. #2), that the CHPD Defendants violated their civil rights.  Ooley alleges that the CHPD Defendants made false statements that he was a sexual offender and pedophile during neighborhood meetings.  The false statements were allegedly made in retaliation for Ooley's part in complaining to Defendant Nicholas Maurer about activities that Ooley and other neighbors found offensive. The alleged false statements induced a group of neighbors also named as defendants in this action (the "Neighbor Defendants") to conduct a campaign of harassment against Ooley. Because Ooley lived with Starkey in a house owned by her, she and her property were allegedly swept up in the campaign against Ooley. As a result, Starkey is also bringing claims against the CHPD Defendants and the Neighbor Defendants in this lawsuit.

The second claim for relief is made by Starkey against the CHPD Defendants for Violation of Federal Civil Rights Act.  Starkey alleges that the CHPD Defendants violated her rights by unlawfully taking her property, violating her due process rights, infringing her freedom of religion, violating her right to equal protection, and denying her right to petition the government.

The principle allegation raised by Starkey is that she was ordered by CHPD officers to turn off a home surveillance system. According to the Complaint, Starkey was ordered by Defendant Ford to turn off her home surveillance system during an incident that occurred on November 1, 2010.  Compl. ¶ 101.  Ooley was arrested during this incident.  Id. ¶ 57.  Also during this incident, a

2

video recorder and a voice recorder were taken by CHPD officers from Ooley. Compl. ¶ 67. Starkey requested that the recorders be given to her, and they were after repeated requests. Compl. ¶ 71.

The remainder of the Complaint primarily alleges that Ooley was harassed by the CHPD and Neighbor Defendants in a series of minor incidents in which the neighbors allegedly entered Starkey's property and harassed Ooley. While Ooley was in CHPD custody, he alleges that Defendant Barron made two statements to him:

> 1) I only answer to two things: the Seventh Day Adventist Church and my two daughters.
> 2) I am glad to be part of the group that took part in your arrest to remove people like you from this community.

Compl. ¶ 120.

Starkey claims that the Court has jurisdiction over her claims pursuant to 28 U.S.C. §§ 1331, 1343, 1337 and 42 U.S.C. § 1983. The CHPD Defendants contest the Court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), contending that Starkey fails to plead sufficient facts to support federal subject matter jurisdiction. The CHPD Defendants also seek dismissal pursuant to Rule 12(b)(6), arguing that Starkey failed to state a claim upon which relief can be granted.

II.  OPINION

A.  <u>Legal Standard for Motion to Dismiss</u>

1.  <u>Failure to State a Claim</u>

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw

3

all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

2. Lack of Subject Matter Jurisdiction

A court may dismiss an action under Rule 12(b)(1) "when the District Court lacks subject matter jurisdiction over the claim." Fed. R. Civ. P. 12(b)(1). A motion made pursuant to Rule 12(b)(1) "may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint." Meaunrit v. ConAgra Foods Inc., 2010 WL 2867393, *3 (N.D. Cal. July 20, 2010) (internal citations omitted). A plaintiff bears the

4

burden of proving jurisdiction "with the manner and degree of evidence required at the successive stages of the litigation." Barnum Timber Co. v. U.S. E.P.A., 633 F.3d 894, 899 (9th Cir. 2011) (quoting Lujan v. Defenders of Wildlife, 504 U.S. at 561, 112 S.Ct. 2130 (1992)). At the motion to dismiss stage, a plaintiff must plead facts sufficient to show that the jurisdictional elements are plausibly met. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

B. Failure to State a Claim

The CHPD Defendants move to dismiss Starkey's Complaint on the ground that Starkey fails to state a claim that entitles her to relief. Starkey opposes the motion, arguing that she is entitled to relief for her 42 U.S.C. § 1983 claim based on several different violations of her constitutional rights.

1. Equal Protection and Freedom of Religion

Starkey argues that her right to equal protection was violated when the CHPD Defendants were hostile toward her because she is not a member of the Seventh Day Adventist Church. Similarly, Starkey argues that her First Amendment right guaranteeing freedom of religion was violated by the CHPD Defendants alleged preference toward Seventh Day Adventists. The CHPD Defendants respond that harassment and hostility directed toward Starkey is not pleaded in the Complaint, making dismissal appropriate.

"[T]he [First Amendment to the] Constitution guarantees that government may not coerce anyone to support or participate in religion or its exercise, or otherwise act in a way which 'establishes a [state] religion or religious faith, or tends to do so.'" Lee v. Weisman, 505 U.S. 577, 587 (1992) (quoting Lynch v.

1  Donnelly, 465 U.S. 668, 669 (1984)).  Similarly, the "Equal
2  Protection Clause of the Fourteenth Amendment commands that no
3  State shall 'deny to any person within its jurisdiction the equal
4  protection of the laws,' which is essentially a direction that all
5  persons similarly situated should be treated alike." City of
6  Cleburne v. Cleburne Living Ctr, Inc.  Thus, under both the First
7  Amendment and the Equal Protection clause, the CHPD Defendants are
8  prohibited from harassing Starkey because she is not a Seventh Day
9  Adventist.
10      The facts supporting Starkey's claim are so thin that she is
11 not plausibly entitled relief on either her equal protection claim
12 or First Amendment claim.  The allegation that Starkey was targeted
13 because of her religion is predicated entirely on one off-hand
14 comment made by Defendant Barron to Ooley.  There is nothing in the
15 Complaint to suggest that any other CHPD Officer shares Defendant
16 Barron's faith, let alone that an official policy or unofficial
17 practice to favor Seventh Day Adventists is followed by CHPD.
18 Further, as the CHPD Defendants point out, the Complaint does not
19 contain allegations that Starkey was harassed by the CHPD
20 Defendants all.
21      Reading the Complaint in the light most favorable to
22 Plaintiffs, it appears that Ooley was targeted either because the
23 CHPD Defendants believed that he was a sexual predator or in
24 retaliation for a neighborhood petition that he organized.  Starkey
25 and her property were then caught up in the resulting controversy,
26 which also included the Neighbor Defendants.  The allegations in
27 the Complaint clearly indicate that the small amount of activity
28 directed toward Starkey was because of animosity toward Ooley, not

because of her religious beliefs. Since Starkey fails to plead enough facts to plausibly allege that she was treated differently because of her religion, the motion to dismiss her First Amendment and Equal Protection claims is granted. Twombly, 550 U.S. at 570.

### 2. Substantive Due Process

Starkey claims that the CHPD Defendants violated her substantive due process rights by interfering with the quiet enjoyment of her property in violation of the Fourteenth Amendment. The CHPD Defendants argue that this claim is inadequately pled.

"Federal courts have 'always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this uncharted area are scarce and open ended.'" Brittain v. Hansen, 451 F.3d 982, 990 (9th Cir. 2006) (quoting Albright v. Oliver, 510 U.S. 266, 271-72 (1994)). "[T]he Fourteenth Amendment is not a 'font of tort law to be superimposed upon whatever systems may already be administered by the States . . . .'" Cnty. of Sacramento v. Lewis, 523 U.S. 833, 848 (1998) (quoting Paul v. Davis, 424 U.S. 693, 701 (1976)).

In this case, Starkey cites only California state law authority to support her position that a right to quiet enjoyment of property is a cognizable constitutional right. See Opp. 12. Additionally, those cases deal with inverse condemnation, which is derived from the California Constitution. 42 U.S.C. § 1983, however, only gives rise to violations of the federal Constitution. See Monroe v. Pape, 365 U.S. 167, 171 (1961), *overruled on other grounds by* Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658 (1978). Thus, in accordance with the Brittain and County of Sacramento cases, supra, the Court finds that in the absence of any

authority supporting the extension of substantive due process to a right of quiet enjoyment of property, doing so is improper. The CHPD Defendants' motion to dismiss this claim is granted.

### 3. Takings Clause

Starkey also contends that she suffered an uncompensated taking of property when the CHPD Defendants instigated a campaign of harassment against her. The CHPD Defendants respond that Starkey does not plead sufficient facts to maintain her claim.

The Court agrees with the CHPD Defendants. As discussed above, the Complaint contains few facts, if any, that plausibly support the allegation that Starkey was subject to a campaign of harassment by the CHPD Defendants. Further, the bulk of the alleged harassment actually affecting Starkey's property originated from the Neighbor Defendants, not the CHPD Defendants.

The Complaint also alleges that the CHPD Defendants confiscated two recorders from Ooley and after a delay turned them over to Starkey. Starkey was also allegedly ordered to turn off her home surveillance system.

In order to state a claim under the Fifth Amendment, a plaintiff must allege that private property was taken for a public use without just compensation. U.S. Const. Amend. V; Allen v. Wood, 970 F. Supp. 824, 831 (E.D. Wash. 1997). Here, Starkey fails to plead facts demonstrating that her property was converted to a public use. The recorders were temporarily removed from Ooley's control, but the CHPD Defendants did not convert them to public use. The same is true for the home surveillance system. Starkey alleges that she was ordered to turn off the system, but fails to allege that the system was converted to a public use. Accordingly,

the motion to dismiss this claim is granted.

#### 4. Right to Petition Government

Finally, Starkey claims a right to recover on the grounds that the CHPD Defendants retaliated against her because she filed a complaint with the CHPD Internal Affairs unit. The CHPD Defendants respond that this claim is pled with respect to Ooley, not Starkey.

The Court agrees with the CHPD Defendants. The paragraphs cited by Starkey in her Opposition reference a call made by Ooley to the CHPD internal affairs officer. Opp. 17 (citing Compl. ¶¶ 124-127, 161(e), 169). There is no allegation that Starkey also complained to CHPD. Starkey does not allege that she petitioned the government. The Complaint therefore does not contain factual allegations sufficient to maintain this claim, and it is also dismissed.

Starkey fails to state a cognizable claim under 42 U.S.C. § 1983 and therefore the second cause of action against the CHPD Defendants is dismissed in its entirety.

### C.   Subject Matter Jurisdiction

The CHPD Defendants also move to dismiss Starkey's claim for lack of federal subject matter jurisdiction. For the reasons discussed in the previous section, Starkey's Complaint does not state a federal claim against the CHPD Defendants and her claim against them is dismissed on that basis. Since that claim is dismissed, it is not necessary for the Court to determine whether or not it would have had subject matter jurisdiction over that claim.

### D.   Leave to Amend

The final issue before the Court is whether or not to grant

leave to amend Starkey's Complaint to cure defects in her 28 U.S.C. § 1983 claim. Starkey requests leave to amend, but she does not indicate what amendments she will make. The CHPD Defendants oppose granting leave to amend, but do not indicate why permitting further amendment would be futile.

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

In this case, Starkey submitted a 98 page complaint reciting the facts giving rise to her constitutional claim. Despite the exhaustive detail and lengthy recitation of facts in Starkey's 98 page complaint, she was unable to adequately plead a valid federal civil rights claim. It is clear that the bulk of the alleged activity was directed toward Ooley. Starkey was, as Defendants argue, primarily a witness to that activity and not the object the CHPD Defendants' alleged conduct. Because of the detailed Complaint, it is readily apparent that all of the allegations Starkey can plead are now before the court, and that Starkey would be unable to state a federal civil rights claim against the CHPD Defendants if given leave to amend, i.e. any further amendment would be futile.

### III. ORDER

For the reasons discussed above, Plaintiff Janis Starkey's claims against the CHPD Defendants are dismissed with prejudice.

IT IS SO ORDERED.

Dated: May 24, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE