UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARR OOLEY, et al., ) | Case No. 2:12-cv-00095-JAM-CKD |
| )  Plaintiffs, ) | ORDER GRANTING THE NEIGHBOR |
| ) | DEFENDANTS' MOTION TO DISMISS |
| v. ) | |
| CITRUS HEIGHTS POLICE ) | |
| DEPARTMENT, et al., ) | |
| )  Defendants. ) | |

This matter is before the Court on Defendants Michelle R. Kirwan, Trevor Kirwan, Leland Murray, Jr., Mary Murray, Stephanie Murray, Anthony Larish, Alan Spinner, and Jonathan Hanly's (collectively the "Neighbor Defendants") Motion to Dismiss (Doc. #9).[1]  Plaintiffs Garr Ooley and Janis Starkey (collectively "Plaintiffs") oppose the motion (Doc. #32).

I.   FACTUAL ALLEGATIONS

This action arises out of Plaintiffs' allegations that the

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was originally scheduled for April 18, 2012.

1

Neighbor Defendants, acting to aid and abet officers associated with the Citrus Heights Police Department (the "CHPD Defendants"), engaged in a campaign to violate Plaintiffs' civil rights. Plaintiffs allege in a 98 page complaint and 50 pages of exhibits that the Neighbor Defendants engaged in a campaign of harassment consisting of a series of minor incidents and confrontations including newspaper theft, cursing, angry verbal exchanges, flipping "the bird," applications for restraining orders, chest bumping, false accusations of assault, poisoning of decorative vegetation, irregular postal service, lies, and general denigration. See Compl. (Doc. #2) ¶¶ 49-53.  Plaintiff Ooley was eventually convicted of vandalizing Defendant Leland Murray's truck, but he was acquitted of assault and battery charges arising from the same incident.  Plaintiffs allege that the majority of these incidents were recorded on Plaintiffs' home surveillance system.

Plaintiffs allege that the Neighbor Defendants' campaign of harassment was precipitated by neighborhood meetings organized by CHPD officers.  At these meetings, Plaintiffs allege that the officers defamed Plaintiff Ooley by telling his neighbors that he was a sexual pervert and pedophile.  Plaintiffs allege that the Neighbor Defendants became antagonistic toward them following these meetings.

The parties dispute the Court's subject matter jurisdiction. Plaintiff brings one federal cause of action, violation of 42 U.S.C. § 1983, and several state law claims against the Neighbor Defendants.  The Neighbor Defendants seek dismissal of the federal cause of action for failure to state a claim under Federal Rule of

Civil Procedure 12(b)(6), and the remaining state law claims for lack of federal subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## II.  OPINION

### A.  Legal Standard for Motion to Dismiss

#### 1.  Failure to State a Claim

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rules of Civil Procedure 15(a).  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not

be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

### 2. Lack of Subject Matter Jurisdiction

A court may dismiss an action under Rule 12(b)(1) "when the District Court lacks subject matter jurisdiction over the claim." Fed. R. Civ. P. 12(b)(1). A motion made pursuant to Rule 12(b)(1) "may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint." Meaunrit v. ConAgra Foods Inc., 2010 WL 2867393, *3 (N.D. Cal. July 20, 2010) (internal citations omitted). A plaintiff bears the burden of proving jurisdiction "with the manner and degree of evidence required at the successive stages of the litigation." Barnum Timber Co. v. U.S. E.P.A., 633 F.3d 894, 899 (9th Cir. 2011) (quoting Lujan v. Defenders of Wildlife, 504 U.S. at 561, 112 S.Ct. 2130 (1992)). At the motion to dismiss stage, a plaintiff must plead facts sufficient to show that the jurisdictional elements are plausibly met. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### B. Failure to State a Claim Under 42 U.S.C. § 1983

The Neighbor Defendants argue that Plaintiffs fail to properly state a § 1983 claim against them. The Neighbor Defendants seek dismissal of this claim on the grounds that they are private actors to whom § 1983 liability applies only in limited circumstances. The Neighbor Defendants contend that Plaintiffs failed to allege that the Neighbor Defendants exercised control over state actors, a necessary element of private actor liability under § 1983.

Plaintiffs respond that under an aiding and abetting theory of liability, the Neighbor Defendants are liable for the CHPD Defendants' conduct so long as the Neighbor Defendants were the proximate cause of Plaintiffs' injuries. Plaintiffs' theory is that the Neighbor Defendants "furthered the agenda of the defendant police officers by knowingly and improperly carrying out a campaign of harassment [against Plaintiffs]." Opp. at 6.

"A § 1983 plaintiff must demonstrate a deprivation of a right secured by the Constitution or laws of the United States, and that the defendant acted under color of state law." Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). Private conduct is presumed not to be state action. Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999) (citing Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a "state actor" for section 1983 purposes.")). In order to state a claim against a private party for the conduct of a state official, a plaintiff must allege that the private party exercised some control over the state official's decision. Franklin v. Fox, 312 F.3d 423, 445-46 (9th Cir. 2002) (citing King v. Massarweh, 782 F.2d 825, 829 (9th Cir. 1986)).

In this case, Plaintiffs claim that the Neighbor Defendants aided and abetted the CHPD Defendants in violating Plaintiffs' civil rights. Accordingly, to state a claim Plaintiffs must credibly allege that the Neighbor Defendants exercised some control over the CHPD Defendants, thereby causing them to violate Plaintiffs' civil rights. Id. Plaintiffs cite paragraphs 49-51 of the Complaint, arguing that those paragraphs contain sufficient

allegations to state a § 1983 claim against the Neighbor Defendants.  Those paragraphs detail a campaign of harassment against Plaintiffs.  Paragraphs 39-49 contain allegations that the CHPD Defendants took steps to turn the Neighbor Defendants against Plaintiffs.  Compl. ¶¶ 39-49.  Absent from the Complaint, however, are allegations that the Neighbor Defendants exercised control over the CHPD Defendants.  To the contrary, the Complaint alleges that the CHPD Defendants exercised control over the Neighbor Defendants, convincing them to harass Plaintiffs by falsely announcing at neighborhood meetings that Plaintiff Ooley was a sex offender. Compl. ¶ 41.

Plaintiffs theory of liability, aiding and abetting, is simply not applicable to the private conduct alleged in the Complaint under 42 U.S.C. § 1983.  See Sutton, 192 F.3d at 835.  Accordingly, this claim is dismissed.  Since Plaintiff's theory of liability is not legally cognizable, this claim cannot be saved by amendment and it is therefore dismissed without leave to amend.  See Eminence Capital, 316 F.3d at 1052.

C.   Subject Matter Jurisdiction Over the State Law Claims

The Neighbor Defendants seek dismissal of Plaintiffs' remaining state law claims due to a lack of federal subject matter jurisdiction.  The Neighbor Defendants argue that once the single federal claim against them is dismissed, the remaining state law claims must also be dismissed because the Court lacks jurisdiction pursuant to 28 U.S.C. § 1331.  The Neighbor Defendants also characterize the remaining state law claims as "petty neighborhood disputes which have no factual relationship the civil rights claims" against the CHPD Defendants.  Reply 7.  Plaintiffs oppose

dismissal arguing that the court retains jurisdiction, at its discretion, pursuant to 28 U.S.C. § 1367(c) because the state law claims are related to Plaintiffs' federal claims against the CHPD Defendants.

Federal courts have jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and over pendent state law claims pursuant to 28 U.S.C. § 1367(a). Federal jurisdiction over a pendent state law claim pursuant to 28 U.S.C. § 1367(a) is constitutional so long as the state law claim is part of the same case or controversy as a substantial federal claim. Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc. (Desert Valley Landscape), 333 F.3d 923, 925 (9th Cir. 2003). State and federal claims are part of the same case when they arise from the same "common nucleus of operative fact" and "are such that a plaintiff 'would ordinarily be expected to try them in the one judicial proceeding.'" Id. (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966)). Federal courts may, at their discretion, decline to exercise supplemental jurisdiction over parties over whom there is no independent basis for federal jurisdiction. Mendoza v. Zirkle Fruit Co., 301 F.3d 1163, 1174 (9th Cir. 2002).

In light of the Court's dismissal of Plaintiffs' sole federal claim against the Neighbor Defendants, the Court no longer has federal question jurisdiction over the Neighbor Defendants pursuant to 28 U.S.C. § 1331. It is therefore within the Court's discretion to exercise or not exercise jurisdiction over the state law claims against the Neighbor Defendants because there is no basis of jurisdiction independent of 28 U.S.C. § 1367. Mendoza, 301 F.3d at

1174.  The Court finds that the state law claims against the Neighbor Defendants arise from a minor neighborhood dispute that is better adjudicated in a state forum.  Accordingly, the Court declines to exercise jurisdiction over the Neighbor Defendants, their motion to dismiss the state law claims is granted without prejudice, and they are hereby dismissed from this lawsuit.  Since the Court declines jurisdiction over the state law claims against the Neighbor Defendants, leave to amend the state law claims is denied because any amendment would be futile for lack of jurisdiction.

## III. ORDER

For the reasons given, the Neighbor Defendants' Motion to Dismiss is GRANTED with respect to Plaintiffs' third cause of action, Aiding and Abetting a Civil Rights Violation.  The third cause of action is hereby dismissed with prejudice.  The Neighbor Defendants' Motion to Dismiss Plaintiff's fourth through seventh causes of action is GRANTED and those claims are dismissed without prejudice.  Leave to amend the state law claims is denied.

IT IS SO ORDERED.

Dated: May 29, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE