UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARR OOLEY, et al., | ) Case No. 2:12-cv-00095-JAM-CKD |
| Plaintiffs, | ) <u>ORDER GRANTING THE MAURER</u> <u>DEFENDANTS' MOTION TO DISMISS</u> |
| v. | ) |
| CITRUS HEIGHTS POLICE DEPARTMENT, et al., | ) |
| Defendants. | ) |

This matter is before the Court on Defendants Nicolas Maurer and Yvonne Pickering's (collectively the "Maurer Defendants") Motion to Dismiss (Doc. #44).[1]  Plaintiffs Garr Ooley and Janis Starkey (collectively "Plaintiffs") oppose the motion (Doc. # 49).

This case arises from a series of alleged incidents involving Plaintiffs, Plaintiffs' neighbors, and the Citrus Heights Police Department ("CHPD").  Plaintiffs' Complaint contains allegations

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was originally scheduled for August 22, 2012. The Mauer Defendants have moved to dismiss the third, fourth, fifth, sixth and seventh claims for relief, however they are named as defendants in only the third and seventh claims

1

against numerous neighbors, the majority of whom were dismissed from this lawsuit in the Court's May 30, 2012 Order (the "May Order") (Doc. # 38) because Plaintiffs failed to state a cognizable federal claim against their neighbors.[2] The Maurer Defendants are also Plaintiffs' neighbors, and did not join in the other neighbors' motion to dismiss because they were not represented by counsel at that time. The Maurer Defendants subsequently retained the other neighbor's counsel and filed the present motion. The Maurer Defendants seek dismissal of the claims against them for the same reasons that the Court dismissed the other neighbors from this suit. The other neighbors successfully argued that they were not acting under color of state law, as required by 42 U.S.C. § 1983, and Plaintiffs therefore failed to state a federal claim against them.

I.   OPINION

A.   Legal Standard for Motion to Dismiss

1.   Failure to State a Claim

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal,

---

[2] The May Order contains a complete summary of the allegations in Plaintiffs' Complaint.

556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  <u>Twombly</u>, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  <u>Balistreri v. Pacifica Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rules of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."  <u>Eminence Capital, L.L.C. v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).

### 2. <u>Lack of Subject Matter Jurisdiction</u>

A court may dismiss an action under Rule 12(b)(1) "when the District Court lacks subject matter jurisdiction over the claim." Fed. R. Civ. P. 12(b)(1).  A motion made pursuant to Rule 12(b)(1) "may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint." <u>Meaunrit v. ConAgra Foods Inc.</u>, 2010 WL 2867393, *3 (N.D. Cal. July 20, 2010) (internal citations omitted).  A plaintiff bears the burden of proving jurisdiction "with the manner and degree of evidence required at the successive stages of the litigation." <u>Barnum Timber Co. v. U.S. E.P.A.</u>, 633 F.3d 894, 899 (9th Cir. 2011) (quoting <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. at 561, 112 S.Ct. 2130 (1992)). At the motion to dismiss stage, a plaintiff must

1  plead facts sufficient to show that the jurisdictional elements are
2  plausibly met. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
3  570 (2007).
4       B.   Failure to State a Claim Under 42 U.S.C. § 1983
5          1. Janis Starkey
6       The Maurer Defendants argue that Janis Starkey fails to state
7  a cognizable federal claim against the CHPD defendants, and
8  therefore, the Maurer Defendants cannot be liable for aiding and
9  abetting a civil rights violation where none exists.  The Court
10 previously issued an order on May 25, 2012 dismissing Starkey's
11 federal claims against the CHPD Defendants with prejudice (Doc. #
12 37).  In light of the Court's prior order, Starkey cannot maintain
13 her "aiding and abetting" claim against the Maurer Defendants
14 because it wholly depends on a viable civil rights claim against
15 the CHPD Defendants and this claim is also dismissed with
16 prejudice.
17         2. Garr Ooley
18      Ooley also asserts a claim against the Maurer Defendants
19 pursuant to 42 U.S.C. § 1983.  Ooley argues that the Maurer
20 Defendants acted under color of state law because they "aided and
21 abetted" CHPD in violating his civil rights.  Unlike Starkey's
22 claim, Ooley's claim § 1983 claim against the CHPD Defendants is
23 still active.  As discussed in the May Order, private actors such
24 as the Maurer Defendants are generally not liable under § 1983.  In
25 order to state a claim against a private party for the conduct of a
26 state official, a plaintiff must allege that the private party
27 exercised some control over the state official's decision.
28 Franklin v. Fox, 312 F.3d 423, 445-46 (9th Cir. 2002) (citing King

4

1 v. Massarweh, 782 F.2d 825, 829 (9th Cir. 1986)).  In opposition to
2 this motion, Ooley again argues that an aiding and abetting
3 standard derived from California law gives rise to private actor
4 liability.  Section 1983, however, is a federal cause of action and
5 the Fox standard determines when private actor liability exists.
6      In the present case, Ooley points out that Nicolas Maurer, a
7 former Corrections Officer, allegedly brandished a badge at him and
8 said, "You don't know who you're fucking with."  Ooley also alleges
9 that the Maurer Defendants contacted CHPD about Ooley in the first
10 place.  Ooley alleges that CHPD held a series of neighborhood
11 meetings in Nicolas Maurer's home wherein the CHPD ginned up
12 neighborhood opposition to Ooley.  In order to avoid dismissal,
13 these allegations, taken as true, must minimally give rise to a
14 plausible inference that the Maurer Defendants exercised control
15 over the CHPD such that § 1983 private actor liability attaches to
16 the Maurer Defendants.
17      In Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350 (9th Cir.
18 1981), IBM participated with a task force of state law enforcement
19 agencies in an investigation of stolen IBM trade secrets.  Arnold,
20 an employee IBM suspected of stealing IBM secrets, sued IBM
21 alleging that IBM caused state officials to wrongfully search his
22 home by withholding exculpatory information and misstating facts.
23 Id. at 1354.  IBM provided significant assistance to the state
24 officials in the investigation, caused them to create a task force,
25 an IBM employee sat on the task force, and IBM provided the bulk of
26 the information used to justify searching Arnold's house.  Id. at
27 1357.  Despite this heavy involvement, the Arnold court upheld the
28 district court's grant of summary judgment in favor of IBM on the

grounds that Arnold failed to show that IBM "had some control or power over the Task Force, and that [IBM] directed the Task Force to take action against Arnold." Id. at 1356-57. The court found that mere influence over a state actor is insufficient to show control for § 1983 private actor liability. Id. at 1357.

In another § 1983 private actor liability case analyzed by the Arnold court, the Fifth Circuit held that when the police effectively cede decision-making power about whom to arrest to a private actor, the private actor may be liable for civil rights violations stemming from resulting arrests. Smith v. Brookshire Bros., 519 F.2d 93, 94 (5th Cir. 1975). In Smith, the police and a department store had an arrangement whereby the police would arrest shoppers identified by the department store as shoplifters without any investigation or filing of any complaint. Id. The department store was thus liable under § 1983 for unconstitutional arrests because the police were acting at the store's behest without any independent decision of their own. Id. at 95.

In the present case, Ooley alleges that Nicolas Maurer warned him that he had some connection to law enforcement. Then, Nicolas Maurer allegedly hosted neighborhood meetings at his house where the CHPD falsely stated that Ooley was a child predator, turning the neighborhood against him. Based on these allegations, Ooley has not raised a plausible inference that CHPD was acting at Nicolas Maurer's direction. There is no allegation that CHPD and Nicolas Maurer developed a plan by which the police ceded their decisional authority. The allegations as they stand are indistinguishable from the facts of the Arnold case wherein a private actor provided substantial assistance to law enforcement,

but did not actually direct or control law enforcement officials' final decision.  In such a scenario, private actor liability under § 1983 does not apply as a matter of law.  This issue, however, with respect to Nicolas Maurer is a much closer question than with the other neighbor defendants because Nicolas Maurer hosted CHPD meetings at his house and allegedly threatened Ooley with official action.  Thus, while dismissal is appropriate based on the allegations currently before the Court, leave to amend is also appropriate because Ooley may be able to cure the deficiencies with regard to the § 1983 claim against Nicolas Maurer.  If Ooley elects to amend his complaint to provide additional allegations about the relationship between Nicolas Maurer and the CHPD, he should ensure that there is a good-faith basis for the additional allegations and that the allegations are sufficient to state a claim against Nicolas Maurer under the standards discussed in this order, not state law standards that are inapplicable to Ooley's federal claims.

With respect to Yvonne Pickering, Ooley's allegations in the third claim for relief fail to establish private actor § 1983 liability for the same reasons explained in the Court's May Order.  Specifically, there is no indication that Yvonne Pickering exercised any control over the CHPD's decision to allegedly turn Ooley's neighbors against him.  Yvonne Pickering, Nicolas Maurer's mother, allegedly lived next door to Nicolas Maurer for a time.  The CHPD did not hold meetings at her house as they did at Nicolas Maurer's, nor is there any allegation that she threatened Ooley with police action.  Yvonne Pickering is mentioned briefly in Ooley's complaint, and each mention amounts to a conclusory

allegation that Ms. Pickering was a "ring leader," ¶ 213; that she "aided and abetted" the CHPD, ¶ 333; that she "moved in and lived next door in 2005 to Nicolas Maurer," ¶ 335; and that she "coordinated and hosted through joint efforts" the meetings at Nicolas Maurer's house, ¶ 336. There are no alleged facts, however, to support Ooley's conclusions. Unlike Nicolas Maurer, the facts pled indicate that Yvonne Pickering had no special connection to CHPD and she is in a position similar to the other neighbor defendants. Thus, it is clear to the Court that Ooley cannot state a § 1983 claim against Yvonne Pickering and the claim against her is dismissed with prejudice.

C.   <u>Subject Matter Jurisdiction Over the State Law Claim</u>

The Maurer Defendants seek dismissal of Plaintiffs' remaining state law claim, Intentional Infliction of Emotional Distress, due to a lack of federal subject matter jurisdiction. The Maurer Defendants argue that once the single federal claim against them is dismissed, the remaining state law claim must also be dismissed because the Court lacks jurisdiction pursuant to 28 U.S.C. § 1331. The Maurer Defendants characterize the remaining state law claim as part of petty neighborhood disputes that are unrelated to the claims against the CHPD Defendants. Plaintiffs oppose dismissal arguing that the court retains jurisdiction, at its discretion, pursuant to 28 U.S.C. § 1367(c) because the state law claim is related to Plaintiffs' federal claims against the CHPD Defendants.

Federal courts have jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and over pendent state law claims pursuant to 28 U.S.C. § 1367(a). Federal jurisdiction over a pendent state law claim pursuant to 28 U.S.C. § 1367(a) is constitutional so long as

1  the state law claim is part of the same case or controversy as a
2  substantial federal claim.  <u>Trs. of Constr. Indus. & Laborers</u>
3  <u>Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.</u>
4  <u>(Desert Valley Landscape)</u>, 333 F.3d 923, 925 (9th Cir. 2003).
5  State and federal claims are part of the same case when they arise
6  from the same "common nucleus of operative fact" and "are such that
7  a plaintiff 'would ordinarily be expected to try them in the one
8  judicial proceeding.'"  <u>Id.</u> (quoting <u>United Mine Workers of Am. v.</u>
9  <u>Gibbs</u>, 383 U.S. 715, 725 (1966)).  Section 1367 "reflects the
10 understanding that, when deciding whether to exercise supplemental
11 jurisdiction, 'a federal court should consider and weigh in each
12 case, and at every stage of the litigation, the values of judicial
13 economy, convenience, fairness, and comity.'" <u>City of Chi. v. Int'l</u>
14 <u>Coll. of Surgeons</u>, 522 U.S. 156, 173 (1997) (quoting <u>Carnegie-</u>
15 <u>Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 (1988)).

16      The Court previously dismissed the state law Intentional
17 Infliction of Emotional Distress Claim against the other neighbor
18 defendants, holding that the matter was better adjudicated in state
19 court.  In light of the Court's prior order, it makes little sense
20 to litigate the same claim against the Maurer Defendants in federal
21 court while an identical claim is likely to be litigated in state
22 court.  Accordingly, in the interests of judicial economy,
23 convenience, and fairness, the Court declines to exercise
24 jurisdiction over the remaining state law claim against the Maurer
25 Defendants and it is dismissed without prejudice.  Since the Court
26 declines jurisdiction over this claim, any amendment would be
27 futile and Plaintiffs do not have leave to amend this claim.
28 ///

9

1  ///
2  ///
3                              III. ORDER
4       For the reasons given, the Maurer Defendants' Motion to
5  Dismiss is GRANTED with respect to Plaintiffs' third cause of
6  action, Aiding and Abetting a Civil Rights Violation.  Janis
7  Starkey's claim is dismissed with prejudice.  The dismissal of the
8  claim brought by Garr Ooley against Nicolas Maurer is without
9  prejudice, and the dismissal of Ooley's claim against Yvonne
10 Pickering is with prejudice.  The Maurer Defendants' Motion to
11 Dismiss Plaintiffs' seventh cause of action is GRANTED and those
12 claims are dismissed without prejudice.  Leave to amend this state
13 law claim is denied.  All claims filed by Janis Starkey have now
14 been dismissed by this Court.  Plaintiff Ooley may file his amended
15 complaint as to Defendant Mauer within 20 days of the date of this
16 Order.  If he elects not to amend his complaint, he should file a
17 notice of dismissal as to Defendant Maurer.
18      IT IS SO ORDERED.
19 Dated: September 10, 2012
20                                    _____
                                      JOHN A. MENDEZ,
                                      UNITED STATES DISTRICT JUDGE