UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARR OOLEY, et al., | Case No. 2:12-cv-00095-JAM-CKD |
| Plaintiffs, | ORDER GRANTING IN PART THE CHPD DEFENDANTS' MOTION FOR ATTORNEYS' FEES |
| v. | |
| CITRUS HEIGHTS POLICE DEPARTMENT, et al., | |
| Defendants. | |

This matter is before the Court on Defendants Citrus Heights Police Department ("CHPD"), Brian Barron, Janet Schaefer, D. Christensen, Christine Ford, and Chris Boyd's (collectively "Defendants") Motion for Attorneys' Fees (Doc. # 42) from Plaintiff Janis Starkey ("Plaintiff").[1]  Plaintiff opposes the motion (Doc. # 46) and the CHPD defendants replied (Doc. # 52).  For the following reasons, Defendants' motion is granted in part.

I.  BACKGROUND

Plaintiff sued Defendants alleging numerous violations of her

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was originally scheduled for August 22, 2012.

1

civil rights. The Complaint also contained claims brought by Garr Ooley against Defendants. Defendants brought a motion to dismiss Plaintiff's claim, but they did not seek dismissal of the 42 U.S.C. § 1983 brought by Garr Ooley. The Court issued an order on May 25, 2012 (the "May Order") (Doc. # 37) dismissing Plaintiff's claims against Defendants with prejudice. Based on the reasoning in that order, Defendants now seek attorneys' fees pursuant to 42 U.S.C. § 1988 on the grounds that Plaintiff's claims against them were frivolous.[2]

## II.  OPINION

### A. Legal Standard for Award Pursuant to 42 U.S.C. § 1988

"[A] district court may in its discretion award attorney's fees to a prevailing defendant [pursuant to 42 U.S.C. § 1988] upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421 (1978). "[T]he bringing of cases with no foundation in law or facts at the outset" can give rise to an award of fees to a prevailing defendant under § 1988. See Mitchell v. Office of L.A. Cnty. Superintendent of Sch., 805 F.2d 844, 847 (9th Cir. 1986).

Upon determining that § 1988 fees are warranted, a court must engage in a multi-stage analysis to determine the award amount. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). The starting

---

[2] A more complete accounting of the facts underlying Plaintiff's claims is given in the Court's May Order, and that statement is hereby adopted for the purposes of this order.

point is the number of hours worked on the litigation multiplied by the attorneys' reasonable hourly rate. Id. Where a party seeking fees prevails on only some of its claims, a court must determine whether the "results obtained" justify a full award which involves two inquiries. Id. "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" Id. Finally, a defendant seeking fees has the burden to "establish that fees are attributable solely to the frivolous claims," which "is from a practical standpoint extremely difficult to carry." Braunstein v. Ariz. Dep't of Transp., 683 F.3d 1177, 1189 (9th Cir. 2012) (quoting Harris v. Maricopa Cnty. Superior Court, 631 F.3d 963, 972 (9th Cir. 2011)).

B. Discussion

1. Prevailing Party

Preliminarily, Defendant must establish that they are prevailing parties according to § 1988. Defendants argue that they are prevailing parties because Plaintiff's complaint against them was dismissed with prejudice. Plaintiff does not contest this element. Because Defendants moved for and achieved a dismissal with prejudice, the Court finds that they are prevailing parties within the meaning of 42 U.S.C. § 1988.

2. Frivolous Claims

Plaintiff brought a single claim pursuant to 42 U.S.C. § 1983 against Defendants wherein she alleged that Defendants violated five of her constitutional rights: 1) Equal Protection; 2) First Amendment Right to Freedom of Religion; 3) Right to Substantive Due

3

Process to Quiet Enjoyment of Property; 4) Fifth Amendment Right to Compensation for Takings; and 5) Right to Petition Government. Plaintiff's § 1983 claim was dismissed because she failed to plead a factual basis or legal authority to support her allegations. Plaintiff responds to Defendants' motion by arguing that 1) she always believed that her claims were meritorious and 2) the basis for her belief was explained in her Opposition to Defendant's motion to dismiss her claims (Doc. # 26).  The legal standard for a § 1988 award does not consider the subjective good faith of a plaintiff, so Plaintiff's first argument fails on that basis.  Each of Plaintiff's original civil rights claims are analyzed in turn.

        a. <u>Equal Protection and First Amendment Claims</u>

Plaintiff's equal protection and First Amendment claims were entirely based on one off-hand comment that Defendant Barron made to Garr Ooley, also a Plaintiff in this case, "I only answer to two things: the Seventh Day Adventist Church and my two daughters." From this single statement, Plaintiff alleged that Defendant Barron along with the entire CHPD engaged in a campaign against her because she is not a Seventh Day Adventist, thereby violating her rights to equal protection and freedom of religion.

As the Court noted in its previous Order, "The facts supporting Starkey's claim are so thin that she is not plausibly entitled to relief on either her equal protection claim or First Amendment claim."  May Order, 6.  For instance, there was nothing in the Complaint to indicate that even one other member of the CHPD shared Defendant Barron's faith or any explanation as to why CHPD would engage in a campaign against non-Seventh Day Adventists. Further, the allegations in the Complaint contradict Plaintiff's

assertion that she was targeted because she was not a Seventh Day Adventist.  Instead, the allegations in the Complaint make it clear that Plaintiff was caught up in CHPD's alleged campaign against Ooley based on their belief that Ooley was a child predator or at the instigations of Defendant Nicolas Maurer.  Plaintiff was not, by the terms of her own Complaint, targeted because of her religion.  Because Plaintiff's equal protection and First Amendment claims clearly lacked a factual foundation, they were frivolous. See Harris, 631 F.3d at 977 (finding that obviously insufficient factual allegations support a finding that a claim is frivolous).

### b. Substantive Due Process

Plaintiff claimed that her substantive due process rights were violated because Defendants infringed on her right to quiet enjoyment of property.  The Court noted in its May Order that the only legal theory Plaintiff offered in support of her claim was derived entirely from state law, which was wholly inapplicable to Plaintiff's claim under the U.S. Constitution.  May Order, 7.  The Court further found that, "in the absence of any authority supporting the extension of substantive due process to a right of quiet enjoyment of property, doing so is improper."  This is not a situation, however, where Plaintiff attempted to argue in good faith that substantive due process *should* be extended to protect a right to quiet enjoyment.  Plt.'s Opp. to MTD, 12 (Doc. # 26). Plaintiff instead argued that California law controlled her federal claim and sought relief on that basis.  Id.  Plaintiff cited no authority for this proposition, and her claim accordingly lacked a foundation in law.

///

      c. Takings Claim

Plaintiff's takings clause claim was dismissed because she did not address a legal element of her claim – that the property taken be converted to a public use. Plaintiff did not plead facts supporting that element in her Complaint, and she did not argue that the element was satisfied in her Opposition to Defendant's Motion to Dismiss. Opp. to MTD, 13-15. Thus, this claim lacked foundation in fact and was therefore frivolous.

      d. Right to Petition Government Claim

The Court dismissed this claim on the grounds that Plaintiff did not allege that she ever petitioned the government. This claim, therefore, lacked a fundamental foundation in fact in that the Complaint was completely devoid of supporting factual allegations.

In conclusion, each of Plaintiff's claims under 42 U.S.C. § 1983 were frivolous because they lacked foundation in law, in fact, or in both law and fact. As the Court explained in its prior order:

> In this case, Starkey submitted a 98 page complaint reciting the facts giving rise to her constitutional claim. Despite the exhaustive detail and lengthy recitation of facts in Starkey's 98 page complaint, she was unable to adequately plead a valid federal civil rights claim. It is clear that the bulk of the alleged activity was directed toward [Plaintiff Garr] Ooley. Starkey was, as Defendants argue, primarily a witness to that activity and not the object the CHPD Defendants' alleged conduct.

May Order, 10. Therefore the Court finds that Plaintiff's § 1983 claim against Defendants was frivolous and lacked foundation on all of the theories presented by Plaintiff, making a 42 U.S.C. § 1988 award appropriate.

6

C. <u>Amount of Fee Award</u>

As a starting point, Defendants seek half of the fees expended prior to the motion to dismiss Plaintiff's claim and one half of the fees expended on discovery on the basis that half of the fees are attributable to Ooley's claim (and therefore not recoverable). Defendants also seek all of the fees billed on the motion to dismiss Plaintiff's claim, and the fees associated with the instant motion. Defendants' counsel's billing rate is $165.00 per hour. All told, Defendants seek $5,799.75 which amounts to 35.15 hours at $165.00 per hour. Plaintiff responds that fees should not be awarded for the discovery requests because Plaintiff remains a witness to many of the events described in Ooley's ongoing claim, and Defendants would have had to respond to similar requests even if Plaintiff's claim had not been filed. Plaintiff also contends that Defendants should have requested withdrawal of the discovery responses when the Court issued its order dismissing Plaintiff's claim. Defendants respond that Plaintiff could have withdrawn the discovery requests on her own initiative, and that the requests were so intermingled with Ooley's requests that they were not easily separable by Defendants.

Defendants have not met their burden of showing that "only fees attributable exclusively to plaintiff's frivolous claims" are being sought. <u>Harris v. Maricopa Cnty. Superior Court</u>, 631 F.3d 963, 968 (9th Cir. 2011) (internal quotations omitted). Merely dividing the costs of opening the case and conducting discovery in half and attributing the costs equally to the two plaintiffs does not satisfy the applicable standard. <u>See</u> <u>id.</u> at 971 ("[P]ro-rata allocation of general fees between claims for which a fee award is

1 appropriate and claims for which such an award is not appropriate,
2 based solely on the number of claims, is impermissible . . . .").
3 Additionally, Defendants have not shown what their fees would be if
4 Ooley's claim were the only one filed.  For these reasons,
5 Defendants are not entitled to their billings for the discovery
6 costs and the new case file costs.

7 The billings related to Defendants' motion to dismiss
8 Plaintiff's claim, however, are subject to a § 1988 award because
9 that motion dealt exclusively with Plaintiff's frivolous civil
10 rights claim.  Defendants did not bring a motion to dismiss Ooley's
11 claim, making their motion attributable solely to Plaintiff's
12 claim.  The same reasoning applies to the present motion for
13 attorneys' fees.  Defendants' counsel billed a total of $4,108.50
14 at an hourly rate of $165.00 for the two motions combined.  After a
15 review of the itemized billings submitted by Defendants, the Court
16 finds that the 24.9 hours worked on the two motions were
17 reasonable.  Additionally, the hourly rate of $165.00 was also
18 reasonable.  See Crane-McNab v. Cnty. of Merced, 773 F. Supp. 2d
19 861, 883 (E.D. Cal. 2011) (finding that rates up to $350.00 per
20 hour are reasonable in the Eastern District).  Accordingly,
21 Defendants are entitled to a fee award in the amount of $4,108.50.

22                            III. ORDER
23      For the reasons stated above, Defendants are awarded $4,108.50
24 in attorneys' fees.
25      IT IS SO ORDERED.
26 Dated: September 10, 2012
27                                          _____
                                             JOHN A. MENDEZ,
                                             UNITED STATES DISTRICT JUDGE
28

8