UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARR OOLEY, et al.,<br><br>             Plaintiffs,<br><br>     v.<br><br>CITRUS HEIGHTS POLICE DEPARTMENT, et al.,<br><br>             Defendants. | No.  1:12-cv-00095-JAM-CKD<br><br>**ORDER DENYING NEIGHBOR DEFENDANTS' MOTION FOR ATTORNEY'S FEES** |

This matter is before the Court on Defendants Michelle R. Kirwan, Trevor Kirwan, Leland Murray, Jr., Mary Murray, Stephanie Murray, Anthony Larish, Dreama Larish, Alan Spinner, and Jonathan Hanly's (collectively the "Neighbor Defendants") Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988 (Doc. # 43).[1] Plaintiffs Garr Ooley and Janis Starkey (collectively "Plaintiffs") oppose the motion (Doc. # 47) and the Neighbor Defendants replied (Doc. # 52).

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was originally scheduled for August 22, 2012.

1

This case arises from allegations brought by Plaintiffs that the Neighbor Defendants acted in concert with the Citrus Heights Police Department ("CHPD") to deprive Plaintiffs of their civil rights.  In a prior order filed on May 30, 2012 (the "May Order) (Doc. # 38), the Court found that Plaintiffs' civil rights claim pursuant to 42 U.S.C. § 1983 was not legally cognizable.  The Court did not reach the merits on Plaintiffs' related state law claims because it declined to exercise jurisdiction over those claims, and they were dismissed without prejudice.

In the present motion, the Neighbor Defendants argue that they are entitled to an award of fees for all work performed on this litigation to the present.  The Neighbor Defendants raise three arguments in support of their motion.  First, as private citizens not acting under the color of state law, the Neighbor Defendants should not have to meet the heightened standard for a prevailing defendant seeking fees pursuant to 42 U.S.C. § 1988.  Second, the action was frivolous so even if the heightened standard applies to the Neighbor Defendants, they are still entitled to their attorney's fees.  Third, the amount of fees requested is reasonable.

Plaintiffs oppose the motion on two grounds.  First, Plaintiffs rehash the arguments raised in opposition to the Neighbor Defendants' Motion to Dismiss.  The Court already rejected those arguments in its May Order, and they are not a proper basis for denying the Neighbor Defendants' fee motion. Second, Plaintiffs argue that the Court never reached the merits of the Neighbor Defendants' state law claims, making an award of fees inappropriate at this time.

Normally, "a district court may in its discretion award attorney's fees to a prevailing defendant [pursuant to 42 U.S.C. § 1988] upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421 (1978). "[T]he bringing of cases with no foundation in law or facts at the outset" can give rise to an award of fees to a prevailing defendant under § 1988. Mitchell v. Office of L.A. Cnty. Superintendent of Sch., 805 F.2d 844, 847 (9th Cir. 1986).

A defendant seeking fees has the burden to "establish that fees are attributable solely to the frivolous claims," which "is from a practical standpoint extremely difficult to carry." Braunstein v. Ariz. Dep't of Transp., 683 F.3d 1177, 1189 (9th Cir. 2012) (quoting Harris v. Maricopa Cnty. Superior Court, 631 F.3d 963, 972 (9th Cir. 2011)).

For purposes of the present motion, the Neighbor Defendants have not met their burden to show that the fees requested arise solely from Plaintiffs' dismissed civil rights claim, and it's probably impossible for them to do so. Plaintiffs' civil rights claim was dismissed with prejudice because it was not legally cognizable. But the May Order did not reach the merits of Plaintiffs' state law tort claims. Those claims were dismissed, at the Neighbor Defendants' urging, only because the Court declined to exercise supplemental jurisdiction. Thus, it is unclear whether or not those claims were meritorious. Additionally, the factual bases for Plaintiffs' faulty civil rights claim and the state tort claims are identical. Thus, it

is imprudent to award the Neighbor Defendants' attorney's fees when they may still be subject to liability for the exact same conduct through other legal theories.  See id. (holding that a fee award is not available for frivolous claims intertwined with non-frivolous claims).  The declarations submitted in support of the present motion make no distinction between the fees expended on dismissal of the civil rights claim against the Neighbor Defendants and the dismissal of the state law claims, and an award of fees is therefore inappropriate.

The Neighbor Defendants are also not entitled to a fee award if the Court accepts their first argument that the frivolity standard does not apply to them as private individuals who were not acting under color of state law.  Under the § 1988 standard normally applied to plaintiffs, "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit which the parties sought in bringing suit." Lummi Indian Tribe v. Oltman, 720 F.2d 1124, 1125 (9th Cir. 1983) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  The Neighbor Defendants essentially argue that this more relaxed standard should apply to them by analogy because they did not act under the color of state law.

In this case, the Neighbor Defendants succeeded in moving to dismiss Plaintiffs' civil rights claim, but they did not move for or achieve dismissal of the state law claims on the merits.  Even though the civil rights claim was dismissed, the Neighbor Defendants are still potentially liable to Plaintiffs under state law for the exact same alleged activity that Plaintiffs relied on

for their civil rights claim.  This is because 42 U.S.C. § 1983 more or less creates a form of tort liability that applies exclusively to those acting under color of state law.  See <u>Owen v. City of Independence, Mo.</u>, 445 U.S. 622, 635 (1980).  The effect of the dismissal was not that the Neighbor Defendants are per se free from liability in tort, it was merely a finding that one of the statutory bases for Plaintiffs' tort claims was not legally cognizable.  The Neighbor Defendants have not reduced their potential tort liability; they have only foreclosed the federal forum in which Plaintiffs wished to proceed.  Plaintiffs are free to file the state law claims in state court, making the net result of the Neighborhood Defendants motion a mere change of venue.  As a result, the Court cannot find that they succeeded on a significant substantive issue in the litigation such that an award of fees is justified.  <u>Oltman</u>, 720 F.2d at 1125.

For the foregoing reasons, the Neighbor Defendants are not entitled to an award of attorney's fees pursuant to 42 U.S.C. § 1988 under either the § 1988 standard applied to prevailing defendants or the standard normally applied to prevailing plaintiffs.  Their motion is therefore DENIED.

IT IS SO ORDERED.

Dated: September 10, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

5