UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARR OOLEY, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITRUS HEIGHTS POLICE DEPARTMENT, et al.,<br><br>        Defendants. | No. 2:12-cv-00095-JAM-CKD<br><br>**ORDER GRANTING THE CHPD DEFENDANTS' MOTION TO DISMISS** |

This matter is before the Court on Defendants Citrus Heights Police Department, Brian Barron, Janet Schaefer, D. Christensen, Christine Ford, and Chris Boyd's (collectively the "CHPD Defendants") Motion to Dismiss the First Amended Complaint of Plaintiff made pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. #62).[1] Plaintiff Garr Ooley ("Plaintiff") opposes the motion (Doc. #66).

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was originally scheduled for December 5, 2012.

1

## I.  BACKGROUND

### A.  Procedural History

Several motions to dismiss preceded the current motion. The CHPD Defendants previously moved for dismissal of Plaintiff Janis Starkey's claims, and that motion was granted with prejudice (Doc. #37).  A group of Plaintiffs Ooley and Starkey's neighbors (the "Neighbor Defendants") successfully moved to dismiss the federal claims against them with prejudice (Doc. #38).  The Court declined supplemental jurisdiction over Plaintiffs' remaining state law claims against the Neighbor Defendants.  Finally, the remaining defendants Nicolas Maurer and Yvonne Pickering, also neighbors, moved to dismiss the claims against them.  Plaintiff Ooley's claim against Nicolas Maurer was dismissed with leave to amend, his claim against Yvonne Pickering was dismissed with prejudice, and Plaintiff Starkey's claim was dismissed with prejudice (Doc. #55).  In sum, all of Plaintiff Starkey's claims were either dismissed with prejudice or the Court declined supplemental jurisdiction over them.  Plaintiff Ooley's claims against the Neighbor Defendants and Yvonne Pickering were also dismissed with prejudice or the Court declined jurisdiction.  By the time the First Amended Complaint ("FAC") was filed (Doc. #59), Plaintiff Starkey's claims were eliminated from this lawsuit and Plaintiff Ooley was only permitted to amend his claims with respect to the CHPD Defendants and Defendant Nicolas Maurer.

Plaintiff's FAC contains a claim against the CHPD Defendants for violation of 42 U.S.C. § 1983 and a claim against Defendant Nicolas Maurer for aiding and abetting a violation of

Plaintiff's civil rights. The CHPD Defendants now move to dismiss the claim against them.

B. <u>Factual Allegations</u>

This action arises out of Plaintiff's allegations that the CHPD Defendants violated his civil rights. Plaintiff alleges that the CHPD Defendants made false statements that he was a sexual offender and pedophile during neighborhood meetings. The false statements were allegedly made in retaliation for Plaintiff's part in complaining to Defendant Nicholas Maurer about activities occurring in Defendant Maurer's residence that Plaintiff and other neighbors found offensive. It is Plaintiff's theory that Defendant Maurer somehow convinced the CHPD Defendants to take retaliatory action. Plaintiff alleges that the false statements then induced the Neighbor Defendants to conduct a campaign of harassment against him.

The remainder of the FAC primarily alleges that Plaintiff was harassed by the CHPD and Neighbor Defendants in a series of minor incidents in which the neighbors allegedly entered property owned by Starkey and harassed Plaintiff. Plaintiff was ultimately arrested by CHPD for assault, battery, and vandalism after an incident in his driveway. Plaintiff was acquitted of assault and battery in state court but convicted of vandalism. While Plaintiff was in CHPD custody after his arrest, he alleges that Defendant Barron made two statements to him:

> 1) I only answer to two things: the Seventh Day Adventist Church and my two daughters.
> 2) I am glad to be part of the group that took part in your arrest to remove people like you from this community.

FAC ¶ 89.

3

Plaintiff alleges that federal jurisdiction exists at this stage of the proceedings pursuant to 28 U.S.C. §§ 1331 and 1343.

## II.   OPINION

### A.   Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a).  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon,

Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B. Discussion

The CHPD Defendants argue that they are entitled to dismissal because the FAC fails to state a federal claim against them. They contend that if any claim is stated, it is a state law tort claim. The CHPD Defendants argue that without a valid federal claim, the complaint against them must be dismissed. Plaintiff responds that the FAC alleges violations of the following federal rights:

1. The right to procedural due process arising from the Fifth and Fourteenth Amendments to the U.S. Constitution, i.e., wrongful arrest, malicious prosecution, inverse condemnation, and uncompensated taking of property;

2. The right to substantive due process arising from the Fifth and Fourteenth Amendments to the U.S. Constitution, i.e., defamation and quiet enjoyment of property;

3. The prohibition against unreasonable searches and seizures arising from the Fourth Amendment to the U.S. Constitution, i.e., wrongful arrest and seizing personal property;

4. The rights to freedom of religion and to petition the government guaranteed by the First Amendment to the U.S. Constitution; and

5. The right to equal protection arising from the Fourteenth Amendment to the U.S. Constitution.

1. Plaintiff's Arrest

The CHPD Defendants argue that Plaintiff's arrest was

1 lawful and cannot, as a matter of law, provide the basis for a
2 federal civil rights claim.  The CHPD Defendants rely on Exhibit
3 C to the FAC, which is a copy of Plaintiff's state court
4 conviction resulting from his arrest.  A number of Plaintiff's
5 allegations rely on his allegedly wrongful arrest, and if the
6 CHPD Defendants are correct, those claims MUST fail.  Plaintiff
7 responds that his conviction is immaterial because he was
8 acquitted of assault and battery, even if he was convicted of
9 vandalism.
10      In order to state a claim based on a wrongful arrest,
11 § 1983 plaintiffs must allege that 1) the defendants acted under
12 color of state law, and 2) "the defendants' conduct deprived
13 them of their Fourth Amendment right to be free from arrest
14 unsupported by warrant or probable cause."  Orozco v. Cnty. of
15 Yolo, 814 F. Supp. 885, 891 (E.D. Cal. 1993).  "Probable cause
16 exists when the facts and circumstances within the arresting
17 officer's knowledge are sufficient to warrant a prudent person
18 to believe that a suspect has committed, is committing, or is
19 about to commit a crime."  Mackinney v. Nielsen, 69 F.3d 1002,
20 1005 (9th Cir. 1995) (quotations omitted).  A § 1983 plaintiff
21 may not bring a claim that challenges or calls into question a
22 state law conviction unless he shows that the arrest was
23 declared invalid or called into question under state law or
24 federal habeas proceedings.  Guerrero v. Gates, 442 F.3d 697,
25 703 (9th Cir. 2003); Heck v. Humphrey, 512 U.S. 477, 486-87
26 (1994).
27      In this case, it is undisputed that Plaintiff was convicted
28 of vandalism.  Plaintiff has not alleged that the conviction was

overturned or otherwise called into question through appropriate proceedings. Thus, a finding that Plaintiff's arrest lacked probable cause would necessarily call into question his state court conviction for vandalism. Such a finding would undermine Plaintiff's vandalism conviction by indicating that the arresting officer did not have sufficient basis to believe that Plaintiff committed a crime. Accordingly, this claim is barred by the doctrine announced in Heck v. Humphrey.

Plaintiff cites state law authority for the proposition that a § 1983 wrongful arrest claim may proceed when acquittal on at least one charge is obtained. That case, Sierra Club Foundation v. Graham, 72 Cal.App.4th 1135 (1999), is inapplicable to the present matter. Sierra Club involved a common law claim for malicious prosecution between civil litigants, not a § 1983 or even state law wrongful arrest claim. Id. at 1141. The CHPD Defendants have shown that the claims based on Plaintiff's arrest fail as a matter of law.

    2.   Equal Protection

Plaintiff alleges that he was treated poorly by the CHPD Defendants because he is not a member of the Seventh Day Adventists religious group. Plaintiff's claim is predicated entirely on the single comment made by Defendant Barron after Plaintiff's arrest. The CHPD Defendants point out that Defendant Barron's comment occurred after the arrest and there is no factual allegation that any of the CHPD Defendants knew that Plaintiff was not a Seventh Day Adventist.

"[T]he [First Amendment to the] Constitution guarantees that government may not coerce anyone to support or participate

7

in religion or its exercise, or otherwise act in a way which 'establishes a [state] religion or religious faith, or tends to do so.'" Lee v. Weisman, 505 U.S. 577, 587 (1992) (quoting Lynch v. Donnelly, 465 U.S. 668, 669 (1984)). Similarly, the "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Thus, under both the First Amendment and the Equal Protection clause, the CHPD Defendants are prohibited from harassing Plaintiff because he is not a Seventh Day Adventist.

In this case, the FAC is devoid of facts to support Plaintiff's religion based claims. Defendant Barron's off-hand comment cannot sustain the allegation that Plaintiff was targeted because of his religion. According to the FAC, Defendant Barron merely identified his personal religious beliefs. He did not indicate that any official action was taken by him or any of the CHPD Defendants on the basis of religion. Indeed, such a claim contradicts the central theory of Plaintiff's case – that he was targeted because he organized a neighborhood petition and presented it to Nicolas Maurer. Accordingly, Plaintiff has failed to state a claim that his First or Fourteenth Amendment rights were violated because of his religion.

### 3. Substantive Due Process

Plaintiff next argues that he has alleged a violation of his substantive due process rights arising out of the Fourteenth Amendment. Plaintiff bases this claim on the allegation that the CHPD Defendants deprived Plaintiff of the quiet enjoyment of his residence. The CHPD Defendants argue that this claim should be dismissed because the facts pled by Plaintiff do not support a constitutional claim.

"Federal courts have 'always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this uncharted area are scarce and open ended.'" Brittain v. Hansen, 451 F.3d 982, 990 (9th Cir. 2006) (quoting Albright v. Oliver, 510 U.S. 266, 271-72 (1994)). "[T]he Fourteenth Amendment is not a 'font of tort law to be superimposed upon whatever systems may already be administered by the States . . . .'" Cnty. of Sacramento v. Lewis, 523 U.S. 833, 848 (1998) (quoting Paul v. Davis, 424 U.S. 693, 701 (1976)).

In the Court's order dismissing Plaintiff Starkey's substantive due process claim (Doc. #37 at 7-8), the Court declined to find that substantive due process protects a right to quiet enjoyment of property. Plaintiff relies on the same arguments that the Court previously rejected in Plaintiff Starkey's case. There is no reason to reconsider the Court's prior holding that substantive due process does not extend to a right of quiet enjoyment and that there is no reason for such an expansion. This claim is therefore dismissed.


4. <u>Takings Clause</u>

Plaintiff also contends that he suffered an uncompensated taking of property when his neighbors instigated a campaign of harassment against him. The CHPD Defendants respond that Plaintiff does not plead sufficient facts to maintain his claim.

In order to state a claim under the Fifth Amendment, a plaintiff must allege that private property was taken for a public use without just compensation. U.S. Const. Amend. V; <u>Allen v. Wood</u>, 970 F. Supp. 824, 831 (E.D. Wash. 1997).

The Court agrees with the CHPD Defendants. The FAC contains few facts to support a violation of the takings clause. Importantly, Plaintiff argues in his opposition that the taking resulted from the conduct of his neighbors, not the CHPD Defendants. A key element of an unlawful taking is the taking of private property for a public use, i.e., some sort of state action. Thus, Plaintiff's neighbors' alleged campaign of harassment cannot constitute a taking. Accordingly this claim is dismissed.

5. <u>Right to Petition Government</u>

Plaintiff argues that he was singled out for mistreatment by the CHPD Defendants because he urged the CHPD to conduct an internal affairs investigation of the neighborhood meetings being held at Nicolas Maurer's house. Plaintiff cites paragraphs 113-116 of the FAC to support his claim. The CHPD Defendants seek dismissal of this claim on the grounds that the FAC never explicitly states that Plaintiff requested an internal affairs investigation, and it is impossible to determine from the FAC what such an investigation was to address. The CHPD

1  Defendants also argue that there is no allegation that Plaintiff
2  suffered injury because of his request for an investigation.
3      The Court first finds that even if the exact details of
4  Plaintiff's request for an investigation are unclear, he has
5  successfully alleged that he made a protected request.
6  Plaintiff references his complaint to CHPD several times, and
7  indicates explicitly that he was concerned about neighborhood
8  meetings occurring at Nicolas Maurer's house.  From these
9  allegations, the Court is able to draw a reasonable inference
10 that Plaintiff sought to complain about and receive redress for
11 the CHPD Officers' alleged participation in those meetings.
12      Plaintiff's claim is deficient, however, because there is
13 no allegation that the CHPD Defendants targeted him or
14 retaliated against him because he asked for an internal affairs
15 investigation.  It is clear from the complaint that the meetings
16 preceded Plaintiff's complaints to CHPD, so they were not
17 retaliatory.  As discussed above, Plaintiff's later arrest
18 cannot be considered retaliatory without violating Heck v.
19 Humphrey.  As a result, this claim is also dismissed.
20         6.   Defamation
21    Finally, Plaintiff contends that the CHPD Defendants are
22 liable for the alleged statements made about him in neighborhood
23 meetings held at Nicolas Maurer's house.  Plaintiff contends
24 that the defamatory statements rise to the level of a
25 constitutional claim because he alleges that the defamation
26 resulted in "an ensuing criminal case and other loss of quiet
27 enjoyment."  FAC ¶ 44.  The CHPD Defendants contend that
28 defamation does not give rise to a constitutional claim because

it is a state law tort cause of action.

An injury to reputation is not protected by the due process clause of the Fourteenth Amendment unless the reputational injury is accompanied by a cognizable injury to a property or liberty interest. Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir. 1991) (citing Paul v. Davis, 424 U.S. 693, 703 (1976)). The requirement that a reputational injury be coupled with some other injury is known as the "stigma-plus" test. Id.  This rule stems from the general idea that § 1983 jurisprudence is not "a font of tort law to be superimposed upon whatever systems may already be administered by the States." Paul v. Davis, 424 U.S. 693, 701 (1976).

Plaintiff's FAC lacks the "plus" component of the "stigma-plus" test.  He relies on loss of quiet enjoyment and his arrest as the constitutionally cognizable injuries under the "plus" component of the test.  Those claims, however, do not rise to the level of § 1983 violations for the reasons previously discussed.  Plaintiff also mentions that the alleged campaign of harassment conducted by his neighbors resulted from the CHPD Defendants' defamatory statements.  Mere harassment by private actors is also not a constitutional injury. Id. at 711 (holding that state action causing change to a person's rights or status under state law is required to state a constitutional claim). Accordingly, Plaintiff's reputational claim falls under state defamation law and it cannot sustain his § 1983 cause of action.

       7.   Monell Liability

Plaintiff argues that the City of Citrus Heights and CHPD are liable for the constitutional violations of the individual

officers under the theory announced in Monell v. Department of Social Services of New York, 436 U.S. 658 (1978).

Respondeat superior liability does not apply to actions against local government entities under § 1983. See Monell, 436 U.S. at 691. Therefore, to prevail in a civil action against a local government entity, a plaintiff must establish "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" Oviatt By & Through Waugh v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting City of Canton v. Harris, 489 U.S. 378, 389-91 (1989)).

The first element of Monell liability is that the plaintiff suffered a constitutional violation. For the reasons already discussed, Plaintiff has not alleged that his constitutional rights were violated. Accordingly, this claim is also dismissed.

C.   Conclusion

Plaintiff argues that the FAC properly states a claim pursuant to 42 U.S.C. § 1983 under several theories. Each of the theories presented by Plaintiff, however, is not sustained by the factual allegations in the FAC. Accordingly, Plaintiff's § 1983 claim and the derivative Monell claim are dismissed in their entirety.

The basis of the CHPD Defendants' current motion is that Plaintiff's claims against them are actually state law tort claims, which implicitly survive the present motion to dismiss.

1  In light of the Court's dismissal of Plaintiff's sole federal
2  claim against the CHPD Defendants, the Court no longer has
3  federal question jurisdiction over the CHPD Defendants pursuant
4  to 28 U.S.C. § 1331.  It is therefore within the Court's
5  discretion to exercise jurisdiction over any remaining state law
6  claims against the CHPD Defendants because there is no
7  jurisdictional basis independent of 28 U.S.C. § 1367.  Mendoza
8  v. Zirkle Fruit Co., 301 F.3d 1163, 1174 (9th Cir. 2002).  The
9  Court hereby declines to exercise supplemental jurisdiction over
10 the CHPD Defendants, any remaining state law claims against them
11 are dismissed without prejudice, and the CHPD Defendants are
12 dismissed from this lawsuit.
13     The last remaining issue is whether or not leave to amend
14 Plaintiff's allegations for a second time should be granted.  In
15 this case, Plaintiff originally submitted a 98 page complaint
16 accompanied by over 50 pages of exhibits (Doc. #1).  The FAC
17 with its exhibits is over 100 pages long.  After ruling on
18 several motions to dismiss in this case, the Court has a clear
19 picture of the nature and extent of Plaintiff's allegations.
20 The dispute giving rise to this case is best characterized as a
21 petty neighborhood dispute that escalated into something
22 somewhat more serious.  Any connection to a constitutional
23 violation arising from the CHPD Defendants' conduct is absent.
24 Therefore, the Court finds that leave to amend is not warranted
25 because Plaintiff cannot state a federal claim based on the
26 circumstances giving rise to this lawsuit.  Additionally, since
27 the Court declines jurisdiction over any remaining state law
28 claims, leave to amend the state law claims is denied because

14

any amendment would be futile for lack of jurisdiction.

## III. ORDER

Plaintiff's § 1983 claim against the CHPD Defendants is dismissed with prejudice.  Any remaining state law claim against the CHPD Defendants is dismissed without prejudice.  Leave to amend the First Amended Complaint with respect to the CHPD Defendants is denied.

IT IS SO ORDERED.

Dated: January 3, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE