1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   GARR OOLEY, et al.,                No. 2:12-cv-00095-JAM-CKD

12                 Plaintiffs,
                                        **ORDER DENYING DEFENDANTS' MOTION**
13        v.                            **FOR ATTORNEYS' FEES**

14   CITRUS HEIGHTS POLICE
     DEPARTMENT, et al.,
15

16              Defendants.

17

18        This matter is before the Court on Defendants Citrus Heights

19   Police Department ("CHPD"), Brian Barron, Janet Schaefer, D.

20   Christensen, Christine Ford, and Chris Boyd's (collectively the

21   "CHPD Defendants") Motion for Attorneys' Fees (Doc. # 79) from

22   Plaintiff Garr Ooley ("Plaintiff").[1]  Plaintiff opposes the

23   motion (Doc. # 80) and the CHPD defendants replied (Doc. # 83).

24

25

26

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   originally scheduled for March 6, 2013.

                                  1

1                              I.    BACKGROUND

2          This case arises from Plaintiff's allegations that the CHPD

3    Defendants, acting in concert with a group of Plaintiff's

4    neighbors (the "Neighbor Defendants"), conspired to violate his

5    civil rights.  Plaintiff's first complaint was filed on January

6    12, 2012 (Doc. # 2).  The CHPD Defendants successfully moved to

7    dismiss the claims brought by co-Plaintiff Janis Starkey

8    ("Starkey") (Doc. # 37), and they answered with respect to

9    Plaintiff (Doc. # 41).  The CHPD Defendants were awarded

10   attorneys' fees stemming from Starkey's claims (Doc. # 56).  The

11   Neighbor Defendants successfully moved to dismiss all of the

12   claims against them (Doc. # 38).  Two Neighbor Defendants did not

13   join that motion and subsequent filed a separate motion to

14   dismiss.  That motion was successful, but the Court granted leave

15   to amend with respect to Defendant Nicolas Maurer (Doc. # 55).

16   Plaintiff then filed his First Amended Complaint ("FAC") (Doc. #

17   59) on September 27, 2012.

18         The FAC contained claims by Plaintiff against Defendant

19   Maurer and the CHPD Defendants.  The claims against Defendant

20   Maurer were amended in order to comply with the Court's prior

21   order, but the claims against the CHPD Defendants in the FAC were

22   basically identical to those in Plaintiff's original complaint,

23   as those claims had never been subject to dismissal.  After

24   briefing was completed and orders issued on the three motions to

25   dismiss, the CHPD Defendants successfully moved in a fourth

26   motion to entirely dismiss the claims against them in the FAC

27   (Doc. # 76).  Defendant Maurer, who answered the FAC (Doc. # 61),

28   is the only remaining Defendant.

                                    2

1      For purposes of the present motion for attorneys' fees, the
2  CHPD Defendants argue that they are entitled to fees because
3  Plaintiff's claims against them were frivolous.  The FAC alleged
4  claims based on 42 U.S.C. § 1983 against the CHPD Defendants on
5  the following theories:
6      1.   The right to procedural due process arising from the
7  Fifth and Fourteenth Amendments to the U.S. Constitution, i.e.,
8  wrongful arrest, malicious prosecution, inverse condemnation, and
9  uncompensated taking of property;
10         2.   The right to substantive due process arising from
11  the Fifth and Fourteenth Amendments to the U.S. Constitution,
12  i.e., defamation and quiet enjoyment of property;
13         3.   The prohibition against unreasonable searches and
14  seizures arising from the Fourth Amendment to the U.S.
15  Constitution, i.e., wrongful arrest and seizing personal
16  property;
17         4.   The rights to freedom of religion and to petition
18  the government guaranteed by the First Amendment to the U.S.
19  Constitution; and
20         5.   The right to equal protection arising from the
21  Fourteenth Amendment to the U.S. Constitution.
22      In support of his claims, Plaintiff alleged that the CHPD
23  Defendants made false statements that he was a sexual offender
24  and pedophile during neighborhood meetings.  The false statements
25  were allegedly made in retaliation for Plaintiff's part in
26  complaining to Defendant Nicholas Maurer about activities
27  occurring in Defendant Maurer's residence that Plaintiff and
28  other neighbors found offensive.  It was Plaintiff's theory that

3

1   Defendant Maurer somehow convinced the CHPD Defendants to take

2   retaliatory action.  Plaintiff alleged that the false statements

3   then induced the Neighbor Defendants to conduct a campaign of

4   harassment against him.

5        The remainder of the FAC primarily alleged that Plaintiff

6   was harassed by the CHPD and Neighbor Defendants in a series of

7   minor incidents in which the neighbors allegedly entered property

8   owned by Starkey and harassed Plaintiff.  Plaintiff was

9   ultimately arrested by CHPD for assault, battery, and vandalism

10  after an incident in his driveway.  Plaintiff was acquitted of

11  assault and battery in state court but convicted of vandalism.

12  While Plaintiff was in CHPD custody after his arrest, he alleged

13  that Defendant Officer Barron made two statements to him:

14            1) I only answer to two things: the Seventh Day

15               Adventist Church and my two daughters.

16            2) I am glad to be part of the group that took part in

17               your arrest to remove people like you from this

18               community.

19  FAC ¶ 89.

20

21                      II.   OPINION

22       A. Legal Standard

23   "[A] district court may in its discretion award attorney's

24  fees to a prevailing defendant [pursuant to 42 U.S.C. § 1988]

25  upon a finding that the plaintiff's action was frivolous,

26  unreasonable, or without foundation, even though not brought in

27  subjective bad faith."  Christiansburg Garment Co. v. Equal

28  Employment Opportunity Comm'n, 434 U.S. 412, 421 (1978).  "[T]he

                                4

1    bringing of cases with no foundation in law or facts at the

2    outset" can give rise to an award of fees to a prevailing

3    defendant under § 1988.  See Mitchell v. Office of L.A. Cnty.

4    Superintendent of Sch., 805 F.2d 844, 847 (9th Cir. 1986).  "In

5    applying these criteria, it is important that a district court

6    resist the understandable temptation to engage in post hoc

7    reasoning by concluding that, because a plaintiff did not

8    ultimately prevail, his action must have been unreasonable or

9    without foundation."  Christianburg Garment Co., 434 U.S. at 421-

10   22.

11        Upon determining that § 1988 fees are warranted, a court

12   must engage in a multi-stage analysis to determine the award

13   amount.  Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).  The

14   starting point is the number of hours worked on the litigation

15   multiplied by the attorneys' reasonable hourly rate.  Id.  Where

16   a party seeking fees prevails on only some of its claims, a court

17   must determine whether the "results obtained" justify a full

18   award which involves two inquiries.  Id.  "First, did the

19   plaintiff fail to prevail on claims that were unrelated to the

20   claims on which he succeeded?  Second, did the plaintiff achieve

21   a level of success that makes the hours reasonably expended a

22   satisfactory basis for making a fee award?"  Id.  Finally, a

23   defendant seeking fees has the burden to "establish that fees are

24   attributable solely to the frivolous claims," which "is from a

25   practical standpoint extremely difficult to carry."  Braunstein

26   v. Ariz. Dep't of Transp., 683 F.3d 1177, 1189 (9th Cir. 2012)

27   (quoting Harris v. Maricopa Cnty. Superior Court, 631 F.3d 963,

28   972 (9th Cir. 2011)).

1          B. Discussion

2          As a preliminary matter, the Court notes that it previously

3    awarded fees to the CHPD Defendants from Plaintiff Janis Starkey

4    (Doc. # 56).   There are substantial differences between the

5    allegations related to Janis Starkey and those related to

6    Plaintiff even though they based their claims on similar legal

7    theories.   Starkey's claims were more or less derivative of

8    Plaintiff's claims.   While Plaintiff was the alleged target of

9    defamation and a campaign of harassment, Starkey alleged that she

10   was generally just a witness to those events.   The prior award of

11   fees against Starkey therefore has no bearing on the present

12   motion.

13         The CHPD Defendants argue that they are entitled to fees

14   from Plaintiff because all of Plaintiff's claims were frivolous.

15   Their motion focuses on the claims stemming from Plaintiff's

16   arrest, which the Court determined were barred because Plaintiff

17   was subsequently convicted of a crime in criminal proceedings.

18   The CHPD Defendants' motion does not directly address the

19   frivolity of Plaintiff's claims unrelated to his arrest.

20   Plaintiff responds to the motion by rehashing many of the

21   arguments raised in opposition to the prior motion to dismiss.

22   Plaintiff also argues that his defamation claim was not

23   frivolous.   Plaintiff points out that defamation claims brought

24   pursuant to 42 U.S.C. § 1983 must meet the "stigma-plus test,"

25   and argues that there was an arguable legal basis for his

26   position that the stigma plus test was met.

27         The procedural history of this case is such that the current

28   fees motion tends to invite impermissible post hoc reasoning with

6

1    the benefit of 20/20 hindsight.  While it is true that

2    Plaintiff's claims were dismissed with prejudice, the CHPD

3    Defendants only achieved that result after two complaints, three

4    other motions to dismiss, and two motions for attorneys' fees

5    were filed and decided.  Additionally, even though Plaintiff's

6    first complaint contained allegations almost identical to those

7    in his FAC, the CHPD Defendants answered the original complaint

8    (Doc. # 41) and did not move to dismiss Plaintiff's claims as

9    they did with Starkey's claims.  It is inconsistent for the CHPD

10   Defendants to first answer Plaintiff's allegations and then later

11   argue that they were facially frivolous all along.  If

12   Plaintiff's claims were so obviously frivolous, then the CHPD

13   Defendants would have logically moved for their dismissal along

14   with Starkey's.

15       There is also merit to Plaintiff's argument regarding the

16   frivolity of the defamation claim with respect to the stigma-plus

17   test.  An injury to reputation is not protected by the due

18   process clause of the Fourteenth Amendment unless the

19   reputational injury is accompanied by a cognizable injury to a

20   property or liberty interest.  Cooper v. Dupnik, 924 F.2d 1520,

21   1532 (9th Cir. 1991) (citing Paul v. Davis, 424 U.S. 693, 703

22   (1976)).  The requirement that a reputational injury be coupled

23   with some other injury is known as the "stigma-plus" test.  Id.

24   In this case, the Court held that the activities of private

25   individuals cannot constitute the "plus" component of the test.

26   January 3, 2013 Order (Doc. # 76), at 12.

27       The Court's holding was based on the application of several

28   complicated legal doctrines to a complicated multi-defendant

7

1   case.  First, the Court had to determine that any claim arising
2   from Plaintiff's arrest was barred by the Heck v. Humphrey
3   doctrine in order to determine that the arrest was not a "plus"
4   component.  Id.  Next, the Court had to determine that loss of
5   quiet enjoyment is not a cognizable substantive due process claim
6   and did therefore not meet the "plus" requirement.  Id.  Finally,
7   the Court had to consider Plaintiff's contention that the
8   Neighbor Defendants' actions, allegedly fomented by the CHPD
9   Defendants, did not satisfy the "plus" component of the test.
10  The Court's holding with respect to this last issue was based on
11  a "state action" requirement in the "stigma-plus" test, but
12  neither side cited controlling authority on this point.  Because
13  the Court's holding on this claim was based on several complex
14  civil rights doctrines, and the CHPD Defendants did not produce
15  dispositive authority, this unsuccessful claim was only
16  frivolous, if at all, with the benefit of hindsight.

17      Based on the complexity of the issues presented in
18  Plaintiff's FAC, the fact that the CHPD Defendants answered
19  identical allegations in the original complaint, and a lack of
20  direct dispositive authority provided by the CHPD Defendants
21  supporting the frivolity of Plaintiff's non-arrest based claims,
22  the Court finds that Plaintiff's claims are only frivolous in
23  hindsight, but they were not apparently frivolous when they were
24  filed.  Based on this finding, the CHPD Defendants are not
25  entitled to fees.

26      The CHPD Defendants also rely on Fox v. Vice, 131 S. Ct.
27  2205 (2011), to argue that they are entitled to all of their fees
28  if even one of Plaintiff's claims was frivolous because they were

8

1    required to address the entire FAC in their motion.  <u>Fox</u> stands

2    for the proposition that a prevailing defendant may only recover

3    fees that would not have been incurred but for a frivolous claim.

4    <u>Id.</u> at 2215.  The <u>Fox</u> case cuts against the CHPD Defendants.  The

5    <u>Fox</u> decision explains that a motion or other step taken to

6    address a frivolous claim can only justify a fee award where that

7    action would not have been taken but for the frivolous claim.

8    <u>Id.</u>  In this case, the CHPD Defendants would have had to respond

9    to the entirety of the FAC and its factual allegations through a

10   12(b)(6) motion, even if some of the less viable legal theories

11   were not pursued by Plaintiff.  Accordingly, <u>Fox</u> makes it clear

12   that they are not entitled to fees unless they can show what fees

13   were incurred only because of the frivolous causes of action.

14   <u>Id.</u>

15        The CHPD Defendants make no effort to separate their fees in

16   such a manner, and it is unlikely that they could do so.  This

17   case arises out of a specific series of factual allegations, and

18   while the FAC contains multiple legal theories, the theories are

19   all based on the same alleged wrongs.  To oppose one claim

20   requires analysis of the same underlying factual allegations as

21   any other claim.  <u>See</u> <u>Braunstein v. Ariz. Dep't of Transp.</u>, 683

22   F.3d 1177, 1189 (9th Cir. 2012) (holding that separating

23   frivolous from non-frivolous claims based on the same set of

24   facts is extremely difficult).  They are therefore not entitled

25   to attorneys' fees.

26

27

28

1                              III. ORDER

2        The CHPD Defendants' Motion for Attorneys' Fees is DENIED.

3        IT IS SO ORDERED.

4   Dated: March 26, 2013

5                                  JOHN A. MENDEZ,
                                   UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    10