UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARR OOLEY, et al., | No. 2:12-cv-00095-JAM-CKD |
| Plaintiffs, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES** |
| CITRUS HEIGHTS POLICE DEPARTMENT, et al., | |
| Defendants. | |

This matter is before the Court on Defendants Citrus Heights Police Department ("CHPD"), Brian Barron, Janet Schaefer, D. Christensen, Christine Ford, and Chris Boyd's (collectively the "CHPD Defendants") Motion for Attorneys' Fees (Doc. # 79) from Plaintiff Garr Ooley ("Plaintiff").[1]  Plaintiff opposes the motion (Doc. # 80) and the CHPD defendants replied (Doc. # 83).

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was originally scheduled for March 6, 2013.

1

I.  BACKGROUND

This case arises from Plaintiff's allegations that the CHPD Defendants, acting in concert with a group of Plaintiff's neighbors (the "Neighbor Defendants"), conspired to violate his civil rights.  Plaintiff's first complaint was filed on January 12, 2012 (Doc. # 2).  The CHPD Defendants successfully moved to dismiss the claims brought by co-Plaintiff Janis Starkey ("Starkey") (Doc. # 37), and they answered with respect to Plaintiff (Doc. # 41).  The CHPD Defendants were awarded attorneys' fees stemming from Starkey's claims (Doc. # 56).  The Neighbor Defendants successfully moved to dismiss all of the claims against them (Doc. # 38).  Two Neighbor Defendants did not join that motion and subsequent filed a separate motion to dismiss.  That motion was successful, but the Court granted leave to amend with respect to Defendant Nicolas Maurer (Doc. # 55). Plaintiff then filed his First Amended Complaint ("FAC") (Doc. # 59) on September 27, 2012.

The FAC contained claims by Plaintiff against Defendant Maurer and the CHPD Defendants.  The claims against Defendant Maurer were amended in order to comply with the Court's prior order, but the claims against the CHPD Defendants in the FAC were basically identical to those in Plaintiff's original complaint, as those claims had never been subject to dismissal.  After briefing was completed and orders issued on the three motions to dismiss, the CHPD Defendants successfully moved in a fourth motion to entirely dismiss the claims against them in the FAC (Doc. # 76).  Defendant Maurer, who answered the FAC (Doc. # 61), is the only remaining Defendant.

For purposes of the present motion for attorneys' fees, the CHPD Defendants argue that they are entitled to fees because Plaintiff's claims against them were frivolous. The FAC alleged claims based on 42 U.S.C. § 1983 against the CHPD Defendants on the following theories:

1. The right to procedural due process arising from the Fifth and Fourteenth Amendments to the U.S. Constitution, i.e., wrongful arrest, malicious prosecution, inverse condemnation, and uncompensated taking of property;

2. The right to substantive due process arising from the Fifth and Fourteenth Amendments to the U.S. Constitution, i.e., defamation and quiet enjoyment of property;

3. The prohibition against unreasonable searches and seizures arising from the Fourth Amendment to the U.S. Constitution, i.e., wrongful arrest and seizing personal property;

4. The rights to freedom of religion and to petition the government guaranteed by the First Amendment to the U.S. Constitution; and

5. The right to equal protection arising from the Fourteenth Amendment to the U.S. Constitution.

In support of his claims, Plaintiff alleged that the CHPD Defendants made false statements that he was a sexual offender and pedophile during neighborhood meetings. The false statements were allegedly made in retaliation for Plaintiff's part in complaining to Defendant Nicholas Maurer about activities occurring in Defendant Maurer's residence that Plaintiff and other neighbors found offensive. It was Plaintiff's theory that

1    Defendant Maurer somehow convinced the CHPD Defendants to take
2    retaliatory action.  Plaintiff alleged that the false statements
3    then induced the Neighbor Defendants to conduct a campaign of
4    harassment against him.
5         The remainder of the FAC primarily alleged that Plaintiff
6    was harassed by the CHPD and Neighbor Defendants in a series of
7    minor incidents in which the neighbors allegedly entered property
8    owned by Starkey and harassed Plaintiff.  Plaintiff was
9    ultimately arrested by CHPD for assault, battery, and vandalism
10   after an incident in his driveway.  Plaintiff was acquitted of
11   assault and battery in state court but convicted of vandalism.
12   While Plaintiff was in CHPD custody after his arrest, he alleged
13   that Defendant Officer Barron made two statements to him:
14            1) I only answer to two things: the Seventh Day
15               Adventist Church and my two daughters.
16            2) I am glad to be part of the group that took part in
17               your arrest to remove people like you from this
18               community.
19   FAC ¶ 89.
20
21                            II.  OPINION
22        A. Legal Standard
23      "[A] district court may in its discretion award attorney's
24   fees to a prevailing defendant [pursuant to 42 U.S.C. § 1988]
25   upon a finding that the plaintiff's action was frivolous,
26   unreasonable, or without foundation, even though not brought in
27   subjective bad faith."  Christiansburg Garment Co. v. Equal
28   Employment Opportunity Comm'n, 434 U.S. 412, 421 (1978).  "[T]he

                                4

bringing of cases with no foundation in law or facts at the outset" can give rise to an award of fees to a prevailing defendant under § 1988. See Mitchell v. Office of L.A. Cnty. Superintendent of Sch., 805 F.2d 844, 847 (9th Cir. 1986). "In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christianburg Garment Co., 434 U.S. at 421-22.

Upon determining that § 1988 fees are warranted, a court must engage in a multi-stage analysis to determine the award amount. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). The starting point is the number of hours worked on the litigation multiplied by the attorneys' reasonable hourly rate. Id. Where a party seeking fees prevails on only some of its claims, a court must determine whether the "results obtained" justify a full award which involves two inquiries. Id. "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" Id. Finally, a defendant seeking fees has the burden to "establish that fees are attributable solely to the frivolous claims," which "is from a practical standpoint extremely difficult to carry." Braunstein v. Ariz. Dep't of Transp., 683 F.3d 1177, 1189 (9th Cir. 2012) (quoting Harris v. Maricopa Cnty. Superior Court, 631 F.3d 963, 972 (9th Cir. 2011)).

B. <u>Discussion</u>

As a preliminary matter, the Court notes that it previously awarded fees to the CHPD Defendants from Plaintiff Janis Starkey (Doc. # 56). There are substantial differences between the allegations related to Janis Starkey and those related to Plaintiff even though they based their claims on similar legal theories. Starkey's claims were more or less derivative of Plaintiff's claims. While Plaintiff was the alleged target of defamation and a campaign of harassment, Starkey alleged that she was generally just a witness to those events. The prior award of fees against Starkey therefore has no bearing on the present motion.

The CHPD Defendants argue that they are entitled to fees from Plaintiff because all of Plaintiff's claims were frivolous. Their motion focuses on the claims stemming from Plaintiff's arrest, which the Court determined were barred because Plaintiff was subsequently convicted of a crime in criminal proceedings. The CHPD Defendants' motion does not directly address the frivolity of Plaintiff's claims unrelated to his arrest. Plaintiff responds to the motion by rehashing many of the arguments raised in opposition to the prior motion to dismiss. Plaintiff also argues that his defamation claim was not frivolous. Plaintiff points out that defamation claims brought pursuant to 42 U.S.C. § 1983 must meet the "stigma-plus test," and argues that there was an arguable legal basis for his position that the stigma plus test was met.

The procedural history of this case is such that the current fees motion tends to invite impermissible post hoc reasoning with

6

1 the benefit of 20/20 hindsight.  While it is true that
2 Plaintiff's claims were dismissed with prejudice, the CHPD
3 Defendants only achieved that result after two complaints, three
4 other motions to dismiss, and two motions for attorneys' fees
5 were filed and decided.  Additionally, even though Plaintiff's
6 first complaint contained allegations almost identical to those
7 in his FAC, the CHPD Defendants answered the original complaint
8 (Doc. # 41) and did not move to dismiss Plaintiff's claims as
9 they did with Starkey's claims.  It is inconsistent for the CHPD
10 Defendants to first answer Plaintiff's allegations and then later
11 argue that they were facially frivolous all along.  If
12 Plaintiff's claims were so obviously frivolous, then the CHPD
13 Defendants would have logically moved for their dismissal along
14 with Starkey's.

15     There is also merit to Plaintiff's argument regarding the
16 frivolity of the defamation claim with respect to the stigma-plus
17 test.  An injury to reputation is not protected by the due
18 process clause of the Fourteenth Amendment unless the
19 reputational injury is accompanied by a cognizable injury to a
20 property or liberty interest. Cooper v. Dupnik, 924 F.2d 1520,
21 1532 (9th Cir. 1991) (citing Paul v. Davis, 424 U.S. 693, 703
22 (1976)).  The requirement that a reputational injury be coupled
23 with some other injury is known as the "stigma-plus" test.  Id.
24 In this case, the Court held that the activities of private
25 individuals cannot constitute the "plus" component of the test.
26 January 3, 2013 Order (Doc. # 76), at 12.

27     The Court's holding was based on the application of several
28 complicated legal doctrines to a complicated multi-defendant

7

1  case.  First, the Court had to determine that any claim arising
2  from Plaintiff's arrest was barred by the Heck v. Humphrey
3  doctrine in order to determine that the arrest was not a "plus"
4  component.  Id.  Next, the Court had to determine that loss of
5  quiet enjoyment is not a cognizable substantive due process claim
6  and did therefore not meet the "plus" requirement.  Id.  Finally,
7  the Court had to consider Plaintiff's contention that the
8  Neighbor Defendants' actions, allegedly fomented by the CHPD
9  Defendants, did not satisfy the "plus" component of the test.
10 The Court's holding with respect to this last issue was based on
11 a "state action" requirement in the "stigma-plus" test, but
12 neither side cited controlling authority on this point.  Because
13 the Court's holding on this claim was based on several complex
14 civil rights doctrines, and the CHPD Defendants did not produce
15 dispositive authority, this unsuccessful claim was only
16 frivolous, if at all, with the benefit of hindsight.

17      Based on the complexity of the issues presented in
18 Plaintiff's FAC, the fact that the CHPD Defendants answered
19 identical allegations in the original complaint, and a lack of
20 direct dispositive authority provided by the CHPD Defendants
21 supporting the frivolity of Plaintiff's non-arrest based claims,
22 the Court finds that Plaintiff's claims are only frivolous in
23 hindsight, but they were not apparently frivolous when they were
24 filed.  Based on this finding, the CHPD Defendants are not
25 entitled to fees.

26      The CHPD Defendants also rely on Fox v. Vice, 131 S. Ct.
27 2205 (2011), to argue that they are entitled to all of their fees
28 if even one of Plaintiff's claims was frivolous because they were

1 required to address the entire FAC in their motion.  Fox stands
2 for the proposition that a prevailing defendant may only recover
3 fees that would not have been incurred but for a frivolous claim.
4 Id. at 2215.  The Fox case cuts against the CHPD Defendants.  The
5 Fox decision explains that a motion or other step taken to
6 address a frivolous claim can only justify a fee award where that
7 action would not have been taken but for the frivolous claim.
8 Id.  In this case, the CHPD Defendants would have had to respond
9 to the entirety of the FAC and its factual allegations through a
10 12(b)(6) motion, even if some of the less viable legal theories
11 were not pursued by Plaintiff.  Accordingly, Fox makes it clear
12 that they are not entitled to fees unless they can show what fees
13 were incurred only because of the frivolous causes of action.
14 Id.

15 The CHPD Defendants make no effort to separate their fees in
16 such a manner, and it is unlikely that they could do so.  This
17 case arises out of a specific series of factual allegations, and
18 while the FAC contains multiple legal theories, the theories are
19 all based on the same alleged wrongs.  To oppose one claim
20 requires analysis of the same underlying factual allegations as
21 any other claim.  See Braunstein v. Ariz. Dep't of Transp., 683
22 F.3d 1177, 1189 (9th Cir. 2012) (holding that separating
23 frivolous from non-frivolous claims based on the same set of
24 facts is extremely difficult).  They are therefore not entitled
25 to attorneys' fees.

III. ORDER

The CHPD Defendants' Motion for Attorneys' Fees is DENIED.

IT IS SO ORDERED.

Dated: March 26, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE